**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 19 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ERNEST DALE BLEAM,

Defendant - Appellant.

No. 98-3215

(D. Kansas)

(D.C. No. CR-97-10103-1)

**ORDER AND JUDGMENT** *

Before **ANDERSON** , **KELLY** , and **BRISCOE** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal.   See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is

therefore ordered submitted without oral argument.

Ernest Dale Bleam pleaded guilty to one count of fraud against the

Department of Education in violation of 20 U.S.C. § 1097(a).  He now appeals the

---

*This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

sentence imposed, contending that the district court erred in finding that the total loss to the government exceeded $800,000. We affirm.

Between 1992 and 1996, Bleam was a self-employed financial aid consultant who helped students obtain Pell Grants from the Department of Education. In order to increase a student's chance of receiving a grant, Bleam, who was paid a percentage of any award, would falsify tax returns and other forms used in the application process. As soon as the government arrested Bleam and seized his records, it began an audit of his files. By the time the Presentence Investigation Report (PSR) was prepared, the government had already collected $746,580 from 217 of Bleam's customers who quickly had settled the civil claims against them for making fraudulent financial submissions. Noting the government's representation that the recovery and loss would easily surpass $800,000, the PSR recommended an eleven-point increase to Bleam's offense level pursuant to U.S.S.G. § 2F1.1(b)(1).

Bleam objected. He argued that, based on its actual recoveries, the government had demonstrated less than a $800,000 loss, and that any amounts which it might recover in the future were simply speculative. Hence, he contended, the loss should be set between $500,000 and $800,000, which would result in an offense level increase of only 10 points. In response, the probation officer pointed out that 498 of Bleam's files had been investigated so far, and that

the government had determined that awards were granted based on fraudulent information in 44% of those cases. Then, the probation officer extrapolated that a similar percentage and average recovery amount would extend to the 196 files which were still under investigation, so that total losses and recoveries in excess of $800,000 could be reasonably anticipated. At sentencing, the district court overruled Bleam's objection. Noting that "loss," as used in U.S.S.G. § 2F1.1(b), is not equivalent to amount recovered, R. Vol. II at 11-12, the court found, "given the methodology used by the government here, as well as the number of pending cases, . . . it is reasonable to place the loss at in excess of $800,000." Id. at 18.

We review the district court's findings regarding a § 2F1.1 loss under the clearly erroneous standard, but we review the factors which the court may properly consider de novo. See United States v. Moore, 55 F.3d 1500, 1501 (10th Cir. 1995). Under the guidelines, the district court is directed to utilize the actual or intended loss, whichever is greater. See United States v. Henry, 164 F.3d 1304, 1310 (10th Cir. 1999); United States v. Janusz, 135 F.3d 1319, 1324 (10th Cir. 1998). However, the guidelines provide that "loss need not be determined with precision. The court need only make a reasonable estimate of the loss, given the available information." U.S.S.G. § 2F1.1, comment. (n. 8); See United States v. McAlpine, 32 F.3d at 484, 488 (10th Cir. 1994). The government bears the

burden of proving by a preponderance of the evidence that a particular sentence enhancement is warranted.    See Moore, 55 F.3d at 1501.

At the time of the sentencing hearing, the government referred to an updated collection record which indicated that actual recoveries to date amounted to $793,000, and that other grant recipients had agreed to repay an additional $9,000 (although that money had not yet been received), thereby bringing the total current recovery to $802,000.  Additionally, the update noted that 170 of the files were still under investigation with undetermined resolutions.  Although the record is not entirely clear, the update appears to have been in the form of a letter prepared by the government's "collection person" and provided to Bleam the day prior to the hearing.  R. Vol. II at 2-3.  Although he did not object to any of the letter's particulars, Bleam continued his objection to calculations based on amounts not yet actually received by the government.    Id. at 15.  Before making its finding, the district court specifically noted that its estimate of loss would not be based on amounts actually recovered, but upon its evaluation of all the factors the government used to determine loss.    Id. at 16.  The government then explained its methodology, and the district court made its ruling.    Id. at 17-18.

On appeal, Bleam has modified his objection, now arguing that no proper foundation was laid for the information regarding recovery, and that the government's update letter is insufficient evidence.  We disagree.  First, as to the

-4-

probation officer's reliance upon the letter, the sentencing court may rely upon hearsay if the evidence bears indicia of reliability. <u>Moore</u>, 55 F.3d at 1501. Having failed to object to the probation officer's reliance upon the letter at sentencing, Bleam may not now argue that the supplemental information provided to the court at sentencing was unreliable. Furthermore, although Bleam cites <u>United States v. Smith</u>, 951 F.2d 1164, 1168-69 (10th Cir. 1991), for the proposition that the government must produce more than its own agents' factually unsupported loss calculations, <u>Smith</u> is readily distinguished. In <u>Smith</u> the issue was whether any loss at all had occurred; the court concluded there was simply <u>no</u> evidence of any type to support <u>any</u> loss calculation, either actual or intended. By contrast, Bleam has never disputed that he intended to defraud his victim, or that actual losses did occur. And although he contests the precise amount of the loss, he never objected to the statements, either in the PSR or in the update letter, regarding the amounts actually recovered and the number of files remaining under investigation. Under the circumstances, the district court properly relied on the factors set out in U.S.S.G. § 2F1.1, comment. (n.8), to reasonably estimate that the loss would exceed $800,000. That finding is not clearly erroneous.

AFFIRMED.

                                          ENTERED FOR THE COURT


                                          Stephen H. Anderson
                                          Circuit Judge